## SPRAGUE *versus* GRAHAM.

A mortgagee in possession for foreclosure, who neglects to render an account of rents and profits on lawful demand, and claims a greater sum than is due upon the mortgage, is liable for costs in the suit to redeem.

BILL IN EQUITY to redeem a parcel of land.

The principles of law involved in this case were determined at a former hearing, 29 Maine, 160, and in the opinion then given, the facts all appear.

It now came up on the report of the master appointed at that time. No additional testimony was introduced before the master, in relation to the payment of the notes given by McConaghy to Brockway, except a note presented by the plaintiff, which had been taken up, and the signer's name erased. The note was given by Charles Brockway to Thomas James, December 7, 1839, for $352, payable January 1, 1842, on which was indorsed, August 10, 1842, $85. The respondent objected to the admission of the note as showing the time when the *sale* of hay took place, but agreed that it was *cut* in August, 1842.

The case was therefore left by the master upon the testimony which was before the Court at the previous hearing, with the admissibility of the note, and its effect as matter of law.

The amount of rents and profits found in the hands of defendant, was as follows; — for 1846, $150,60; for 1847, $9,35; for 1848, $105; for 1849, $45, to which several sums the master reported that interest should be added from the first of Jan'y next following its reception.

SHEPLEY, C. J. — When this case was before the Court at a former time, the principles were stated by which the rights of the parties were to be determined. 29 Maine, 160. It is now presented upon a report of the master; which does not determine whether the notes for $500, made on July 11, 1842, by Joseph McConaghy, and payable to Charles Brockway, were justly due to him on August 21, 1845, when he indorsed them, and assigned the mortgage made to secure payment of them, to the defendant. A decision of that question is desired of the Court.

The farm was not conveyed by Brockway to McConaghy subject to the mortgage then existing upon it, held by Thomas James. The release deed contained a covenant of special warranty against all claims arising under the releasor. If there was nothing in that deed, or in the bargain between those parties, respecting the note and mortgage due to James, there would exist no obligation on the part of McConaghy to pay that debt for Brockway. It would be left in full force against him, without any right to call upon McConaghy to pay it, and if he paid it by a conveyance of the farm to Levi A. James or otherwise, he would be entitled to call upon Brockway for repayment.

The testimony of Brockway respecting it is contradictory, and not easily reconcilable with the actual transactions. When considered together, and in connection with established facts, it fails to prove that his sale of the farm was made to McConaghy, subject to the mortgage to Thomas James, or that he was to be relieved from payment of his own notes by McConaghy. He says, "I think the understanding was, that he was to pay it, or if I paid any thing, he was to allow me for it." In another answer he says, "I think I can state it for a fact, that it was the understanding, he was to lift the mortgage, and if he took up that note to James, it was not to go in part payment of his note to me for $500." In answer to a former question, he had stated, "I did deed to him *bona fide* and took a mortgage at the time, and expected some of the money for it right

away, and if I had got the money, Mr. Thomas James would have had it, *as I wanted to pay him*, as he had a mortgage on the same property. I mean he would have got the first payment I was to have from McConaghy." Being examined again in the year 1848, and asked whether McConaghy had paid him any thing on his notes to him for $500, he states, "he has not, except the note of $300, or what was due on it at the time Levi James let McConaghy have it, and which I hold myself accountable to McConaghy for, and which is mostly paid by me to McConaghy."

The argument for the defendant insists, that he made a mistake, and intended to speak of the notes which Levi A. James gave to McConaghy. This cannot be admitted, for there had been no payment then made upon the notes of Levi A. James, and part of the note due from Brockway to Thomas James had been paid. The witness being next asked how he paid McConaghy on account of that note, says, "McConaghy was owing me, we had not settled, we jumped at the settlement, I gave him my note of $5, and he gave me receipt against *my said note of* $300, which was supposed to be lost." *It* was therefore, by his explanation, his note of $300, and not the notes of Levi A. James for $300, of which he was speaking. Neither of them were in fact for that sum. Brockway's position was such, that he had strong inducements to deny, that he had received pay from McConaghy for his notes of $500, and taking all his testimony into consideration, it is apparent, that he received the note due from him to Thomas James, and the notes which Levi A. James gave to McConaghy, through Murphy acting for him, at the time when McConaghy conveyed the farm to Levi A. James to complete a contract made for it, between Brockway and James. Brockway attempts to show that he satisfied McConaghy for paying his note to Thomas James, by a settlement of an old account in the spring of 1848, "which had been standing years and years," but the rights of other parties could not be affected by it, and the account of it is not very satisfactory.

Sprague *v.* Graham.

It is however insisted, that from the transactions between them it is apparent, that McConaghy was to pay the note due to Thomas James and discharge that mortgage without requiring repayment of it from Brockway. That it cannot be believed, that their intention was to have the farm conveyed for $500 free from incumbrance. That would appear from the testimony to have been somewhat less than its value, but to add to that the amount due to Thomas James would seem to have been as much greater than its value. Their condition as to property, their connexion by marriage, with the fact, that the purchaser was not to be put into possession of the farm and that he could not obtain possession of it without a payment of the amount due to Thomas James, renders it probable, that the farm would have been conveyed for a less rather than a greater sum than its real value.

The conclusion is, that the mortgage and notes from McConaghy to Brockway were satisfied by Brockway's receiving, through his agent Murphy, the note due from him to Thomas James and the notes given by Levi A. James for the purchase of the farm. That the plaintiff is entitled to redeem by paying to the defendant whatever may be due on a judgment recovered on one of the last named notes, deducting therefrom any amount for which the defendant may be accountable for rents and profits received.

The case is recommitted to the master to ascertain and state the amount thus due from or to either party, taking an account of rents and profits since the last account was taken.

The defendant having neglected to render an account of rents and profits on demand, and having claimed more than was due upon the mortgages, must be subject to the payment of costs.

TENNEY, HOWARD and APPLETON, J. J., concurred.

*Granger,* for the plaintiff.

*Fuller,* for the defendant.